CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 11 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TRACY D. CARTER,<br>Petitioner, | )<br>)<br>) | Civil Action No. 7:09-cv-00498 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| VA DEPT. OF CORRECTIONS, et al.,<br>Respondents. | )<br>)<br>) | By: Hon. James C. Turk<br>Senior United States District Judge |

Tracy D. Carter, a Virginia pretrial detainee, filed a petition for a writ of habeas corpus. Petitioner alleges that state officials involuntarily placed him in custody on July 17, 2009, and he is being held without bond. Petitioner alleges that his imprisonment is illegal because somebody altered his state court indictments. Petitioner requests immediate release from custody and the appointment of counsel in his state court proceedings.

Petitioner may challenge his custody as a state pretrial detainee via 28 U.S.C. § 2241. Although § 2241 does not expressly require exhaustion of state law remedies, concerns of comity and federalism necessitate the exhaustion of state court remedies when a state pretrial detainee seeks release from custody for the state criminal charges that are pending in state court. See Carden v. Mont., 626 F.2d 82, 83-84 (9th Cir. 1980); Hamlin v. Warren, 664 F.2d 29, 30-32 & n.* (4th Cir. 1981). See also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). Absent extraordinary circumstances, federal courts must not interfere with pending state criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. 366, 370 (1873); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898). Federal district courts should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be or were presented in the ongoing state judicial proceeding. Cinema Blue

of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits the court from enjoining the proceedings from which petitioner seeks relief. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts). "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc). Therefore, the court finds that petitioner has state court remedies available to him, no extraordinary circumstances exist in this case, and the court may not interfere with ongoing state criminal proceedings. Accordingly, the court may not order petitioner's requested relief, and the court dismisses the petition for a writ of habeas corpus without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 10th day of December, 2009.

/s/ James C. Turk
Senior United States District Judge